UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIEN SANCHEZ,**

**Plaintiff,**

**v.** **Case No. 6:21-cv-2150-CEM-LHP**

**HOBBY LOBBY STORES, INC.,**

**Defendant.**
___________________________________/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion for Summary Judgment ("Motion," Doc. 15). Plaintiff did not file a response. For the reasons set forth herein, the Motion will be granted.

## I. BACKGROUND

This case is a negligence action arising from Plaintiff's alleged fall at Defendant's store in Orange City, Florida.[1] (Compl., Doc. 1-1, at 3–5; Pl.'s First Dep., Doc. 15-1, at 7:17–19, 33:5–9). While Plaintiff was shopping in Defendant's store, Plaintiff took "[m]aybe three or four" steps into an aisle and then stopped due the presence of two other shoppers in the aisle. (Doc. 15-1 at 32:19–22, 41:19–42:9,

[1] The Complaint also contains an allegation that Plaintiff "slipped and fell on a liquid substance on the floor of the aisle area," (Doc. 1-1 at 7), but there is no evidence in the record suggesting that this case involves Plaintiff slipping on a liquid substance.

45:12–15). Due to the presence of the other shoppers, Plaintiff walked two steps backwards before tripping backwards and landing flat on her back. (*Id.* at 26:8–10, 43:20–44:10, 47:3–8, 51:17–20). The two shoppers assisted Plaintiff and showed her a box placed in the aisle near where she fell. (*Id.* at 46:19–25, 47:18–20, 48:2–5). As a result of the fall, Plaintiff suffered injuries. (*Id.* at 25:3–26:17).

Plaintiff brought this suit against Defendant, asserting two claims of negligence for failing to maintain the premises in a reasonably safe condition.[2] (Doc. 1-1 at 3–8). Defendant now moves for summary judgment. (*See generally* Doc. 15).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it may "affect the outcome of the suit under the governing law." *Id.*

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1313–14 (11th Cir.

[2] Count III of the Complaint, alleged against Defendant John Doe, (Doc. 1-1 at 8–10), was previously voluntarily dismissed, (Notice of Voluntary Dismissal, Doc. 17, at 1; Sept. 19, 2022 Order, Doc. 19, at 1).

2007). In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, when faced with a "properly supported motion for summary judgment," the nonmoving party "must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997) (citing *Anderson*, 477 U.S. at 248–49 (1986)); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "[T]he proper inquiry on summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Stitzel v. N.Y. Life Ins. Co.*, 361 F. App'x 20, 22 (11th Cir. 2009) (quoting *Anderson*, 477 U.S. at 251–52). Put another way, a motion for summary judgment should be denied only "[i]f reasonable minds could differ on the inferences arising from undisputed [material] facts." *Pioch v. IBEX Eng'g Servs.*,

825 F.3d 1264, 1267 (11th Cir. 2016) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## III. Analysis

As a threshold issue, Plaintiff did not file a response to Defendant's Motion. When a party fails to respond, that is an indication that the motion is unopposed. M.D. Fla. R. 3.01(c); *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014); *Brown v. Platinum Wrench Auto Repair, Inc.*, No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after a party failed to respond, the court treated motion for summary judgment as unopposed). Therefore, the Court proceeds on the basis that the Motion is unopposed. *Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1244 n.12 (S.D. Ala. 2013) ("A plaintiff that fails to address a claim challenged by a defendant does so at its peril, both because the Court may not detect defects in the defendant's position . . . and because . . . the Court will not on its own raise arguments to counter the defendant's case.").

Under Florida law,[3] a negligence claim consists of four elements: "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant

[3] "As a federal court sitting in diversity jurisdiction, [this Court] appl[ies] the substantive law of the forum state . . . alongside federal procedural law." *Horowitch v. Diamond Aircraft Indus.*, 645 F.3d 1254, 1257 (11th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). It is undisputed that Florida law applies to both negligence claims here because the underlying facts of this case occurred in Defendant's store located in Florida. *Grupo Televisa, S.A. v. Telemundo Communs. Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) ("A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state."); *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1301 (11th Cir. 2003) ("Florida utilizes the 'most

of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." *Espinoza v. Target Corp.*, 843 F. App'x 168, 171 (11th Cir. 2021) (quoting *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 277–78 (Fla. 3d DCA 2017)). Defendant asserts a single argument—that Plaintiff is unable to demonstrate a prima facie case of negligence because she is unable to establish the causation element. (Doc. 15 at 4).

"Whether or not proximate causation exists is a question of fact, involving an inquiry into whether the [defendant's] breach of duty foreseeably and substantially contributed to the plaintiff's injuries." *Sanders v. ERP Operating Ltd. P'ship*, 157 So. 3d 273, 277 (Fla. 2015); *see McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992). "Florida follows the more likely than not standard in proving causation, i.e., that the negligence probably caused the plaintiff's injury." *Cox v. St. Josephs Hosp.*, 71 So. 3d 795, 799 (Fla. 2011) (quotation omitted). Under this standard, a plaintiff "must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." *Time Ins. Co. v. Burger*, 712 So. 2d 389, 393 (Fla. 1998) (quoting *Gooding v. Univ. Hosp. Bldg., Inc.*, 445 So. 2d 1015, 1018 (Fla. 1984)). "[A] plaintiff cannot sustain this burden of proof by relying on

---

significant relationship' test to determine which state's laws applies to tort claims." (citation omitted)).

pure speculation." *Cox*, 71 So. 3d at 799; *see Gooding*, 445 So. 2d at 1018 ("A mere possibility of such causation is not enough.").

By Plaintiff's own admissions, she would not have known of the box absent two witnesses notifying her of its presence in the aisle. (Doc. 15-1 at 45:6–8; Pl.'s Second Dep., Doc. 15-2, at 8:25–9:9). Plaintiff testified that she did not fall into the box but tripped backwards over it. (Doc. 15-1 at 49:15–18). Yet Plaintiff did not feel the box against her feet before she fell, nor remember whether she impacted the box upon falling. (*Id.* at 46:4–6, 46:14–18, 50:3–4). Similarly, Plaintiff does not recall hearing the box slide. (Doc. 15-2 at 8:22–24). Finally, Plaintiff remembers the box being near her feet after the fall but expressed uncertainty as to its general location relative to herself. (Doc. 15-1 at 48:8–15, 50:5–11). The only evidence supporting Plaintiff's claim that the condition of Defendant's premises, i.e., the box in the aisle, caused her injuries is that a box was near where she fell.[4] (*See id.* at 48:3–15).

"Negligence . . . may not be inferred from the mere happening of an accident alone." *Winn Dixie Stores, Inc. v. White*, 675 So. 2d 702, 703 (Fla. 4th DCA 1996). Without evidence of a causal connection, "it is clear that [Plaintiff's] case is grounded in no more than a guess or speculation, not founded on observable facts or reasonable inferences drawn from the record." *Williams v. Sears, Roebuck & Co.*,

[4] The Court notes that this evidence was cited by *Defendant* and not Plaintiff because, as noted above, Plaintiff did not respond to the Motion.

866 So. 2d 122, 124 (Fla. 4th DCA 2004). And as explained above, a plaintiff cannot satisfy her burden of demonstrating causation by mere speculation. *Cox*, 71 So. 3d at 799. Thus, even construing all facts and reasonable inferences in the light most favorable to Plaintiff, because the record is devoid of any evidence supporting causation, Plaintiff's negligence claims fail as a matter of law, and summary judgment is proper.

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**.
2. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff, providing that Plaintiff shall take nothing on her claims.
3. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 8, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record